FRANK H. SONNTAG, RELATOR, v. GEORGE SCHMIDT, BUILDING SUPERINTENDENT OF THE TOWN OF IRVINGTON; JOSEPH DIEBOLD, ASSISTANT BUILD-ING SUPERINTENDENT OF THE TOWN OF IRVINGTON, AND THE TOWN OF IRVINGTON, DEFENDANTS.

Submitted June 9, 1925—Decided October 1, 1925.

**Zoning—Small Addition to Garage in Rear of Residence For Bottling Milk—Facts Do Not Indicate a Situation Injurious to Health as Defendant Claims, and Case Clearly Within Ignaciunas v. Risley—Peremptory Writ, With Provisions For Moulding Pleadings in Event of Appeal.**

On rule to show cause why *mandamus* should not issue.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the relator, *Frederic Stoddard.*

For the defendants, *Charles II. Stewart.*

PER CURIAM.

This matter comes before the court on a rule to show cause why a writ of *mandamus* should not issue directing the de-fendants to issue a building permit to the relator for the erection of an addition to an existing building on the relator's property on Union avenue, in the town of Irvington, which permit was refused on the ground that the use contemplated for the building is a violation of the local zoning ordinance restricting the property in question against *business buildings.* By stipulation and otherwise, it appears that the relator is the owner of a lot on the east side of Union avenue, in the town of Irvington, about ninety-eight feet north of Mt. Vernon avenue, having a frontage of about forty-eight feet on Union avenue and a depth of about two hundred and eighty-five feet, on which is situate the house where relator lives. In the rear of his house is a garage building to which

relator proposed to erect an addition five feet by seven feet to be used by him to bottle milk and to wash milk bottles. The local zoning ordinance places the premises in a "B" residence zone. Relator applied for a permit to erect the addition to the assistant building superintendent of the town of Irvington on January 9th, 1925. The application was in proper form, the fees were tendered and the same complied in all respects with the building code, but was rejected and a permit refused solely on account of the zoning ordinance. This refusal we think was unlawful, under the authority of *Ignaciunas* v. *Risley*, 98 *N. J. L.* 712; *affirmed, 2 N. J. Adv. R.* 853.

The contention now is that the bottling of milk and washing of milk bottles on the premises is injurious to the health, safety or general welfare of the public of the town of Irvington. With respect to this contention it is worthy of remark that the assistant building superintendent (the official who dealt with this application and, admittedly, had authority to deal with it) testified, in effect, that he did not refuse it because he regarded the business injurious to health, safety or general welfare, and, in fact, he considered that it was not. He refused it because the ordinance zoned the premises against business.

Looking at the evidence laid before us we see nothing to establish the contention of the defendants, and we certainly cannot assume that the business in question, if lawfully conducted, will be injurious to health, safety or general welfare.

A peremptory writ of *mandamus* will be awarded. If defendants desire to appeal, an application for an order for the moulding of the pleadings will be entertained.